[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-14240
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 14, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 07-00484-CR-T-23-TGW

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MALVIN S. PRINCE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(May 14, 2009)

Before BIRCH, CARNES and HULL, Circuit Judges.

PER CURIAM:

Malvin Prince appeals his convictions for five counts of transmitting a

threatening communication using interstate commerce, in violation of 18 U.S.C. §§ 875(b) and 2. The first four counts are based on four voicemails left by Price after he called Ray Weeks' cellular phone, while the fifth count is based on threats Price made during a phone conversation with Weeks. Prince makes two contentions. First, he contends that the district court erred in admitting evidence that established the "interstate commerce" element of counts one through four. Second, he contends that the evidence was insufficient to support his convictions.

I.

Prince contends that the district court erred in admitting both testimony and business records that established that his threatening voicemails involved interstate commerce. We review the district court's evidentiary rulings only for abuse of discretion. See United States v. Glasser, 773 F.2d, 1553, 1558 (11th Cir. 1985). In the context of evidence admitted under the business records exception to the hearsay rule, we have recognized that the district court has "has broad discretion to determine the admissibility of such evidence." United States v. Arias-Iquierdo, 449 F.3d 1168, 1183 (11th Cir. 2006). Further, the erroneous admission of such evidence does not require reversal unless the defendant can demonstrate "substantial prejudice" as a result of the error. See id. at 1184.

Price contends that the district court abused its discretion in admitting a

document provided by T-Mobile entitled "Network Exhange." T-Mobile had provided Weeks' cellular telephone service in May 2007, when Weeks left the threatening voicemails. The "Network Exchange" document showed that the server assigned to store voicemails left for Prince's phone number was located in Atlanta, Georgia. Prince argues that the Network Exchange document was inadmissible under the business records exception because it was prepared in anticipation of litigation. He further argues the document was critical to the government's case because at the times that Price called Weeks both men were in Florida, and therefore the document was necessary to establish the "interstate commerce" element by showing that the voicemails Prince left were stored in Georgia.

Federal Rule of Evidence 803(6) establishes business records exception to the hearsay rule. It provides, in relevant part, that the following evidence is excluded from the hearsay rule:

> A memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record or data compilation, all as shown by the testimony of the custodian or other qualified witness.

Fed. R. Evid. 803(6).

Records admitted under Rule 803(6) must "be prepared and maintained for business purposes in the ordinary course of business and not for the purposes of litigation." Arias-Iquierdo, 449 F.3d at 1183–84. Prince argues that the Network Exchange document is inadmissible under Rule 803(6) because it was generated in response to a subpeona. Even assuming that Prince is correct, his contention fails because any error was harmless. The location of the server was also established by the testimony of Gabriel Dominguez, a T-Mobile employee. He testified that, based on his personal knowledge, the voicemails related to Week's cellphone number were stored on servers in Atlanta. The jury was entitled to believe that testimony, which was sufficient to establish the interstate commerce element.

Prince challenges Dominguez's testimony under the Confrontation Clause. He argues that Dominguez's learned that the voicemails were stored on servers in Atlanta from other T-Mobile engineers. Prince therefore argues that he was entitled to confront and cross-examine those witnesses. That argument fails. On direct examination, Dominguez testified that he learned the location of the relevant servers through his own research in responding to the government's subpeona. Prince's counsel pressed the issue of the source of Dominquez's knowledge on cross examination. In response, Domingez testified that he learned the location of the relevant server through his own research and also "when we asked our

engineers to retrieve the same information." Dominguez's independent knowledge of the location of the services was affirmed when Prince's counsel continued to pursue that line of questioning:

> Q: I'm just trying to determine the source of your knowledge. And the source of your knowledge, sir, from my understanding, what you're saying—and please correct me if I'm wrong—is that you were told by engineers?
>
> A: And I also verified it myself [by] going to other different parts of our network to verify [the location of the servers].

To the extent that there was any violation of the Confrontation Clause in Dominguez's testimony regarding the other engineers, that error cannot serve as a basis for reversal because Prince invited it on cross-examination. See United States v. Baker, 432 F.3d 1189, 1215–16 (11th Cir. 2005).

II.

Prince also contends that the evidence is insufficient to support his convictions. We review de novo whether there was sufficient evidence to support a conviction, but we view "the evidence in the light most favorable to the government with all reasonable inferences and credibility choices made in the prosecution's favor." United States v. Alaboud, 347 F.3d 1293, 1296 (11th Cir. 2003). "A jury's verdict must be sustained against such a challenge if any rational trier of fact could have found the essential elements of the crime beyond a

reasonable doubt." Id. (citation and internal quotation marks omitted).

As to counts one through four, Prince's contends that the government failed to establish that the voicemails involved interstate commerce. As discussed earlier, the interstate commerce element was established through Dominguez's testimony that the voicemails were stored on T-Mobile servers located in Atlanta, Georgia. Therefore, Prince's contention fails.

Prince also contends that there is insufficient evidence to sustain his conviction on count five because the testimony regarding the routing of the telephone call was "incomplete." Specifically, he argues that the government failed to demonstrate how Prince's telephone company, Nextel, "handled the call once it reached [his] cell phone." That argument is meritless. The government was only required to establish the use of interstate commerce. It did so through the testimony by an employee of Weeks' home telephone service provider, Comcast. The employee testified that for the phone call where Prince threatened Weeks, the call was routed from Florida, up to New York, and finally to New Jersey, where it was connected to Prince's cell phone located in Florida. It was not necessary for the government to prove what happened from that point on. The evidence was sufficient for the jury to convict Prince on all counts.

**AFFIRMED.**